# NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ali Hassem BAHRAMBEYGUI,<br><br>           Petitioner,<br><br>v.<br><br>Jim ROBERTSON, Warden, et al.,<br><br>           Respondents. | Case No.: 3:21-cv-1153-BAS-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT PETITIONER'S MOTION FOR STAY AND ABEYANCE (ECF 2)** |

Petitioner Ali Hassem Bahrambeygui filed a Petition for Writ of Habeas Corpus and a Motion for Stay and Abeyance in this Court. (ECF Nos. 1 & 2.) Respondent does not oppose Bahrambeygui's request. (ECF 13.)

## BACKGROUND

Bahrambeygui's second state appeal's judgment became final on September 9, 2020, forty days after the California Court of Appeal affirmed the judgment as modified. *See* 2021 California Rules of Court Rules 8.366(b)(1) & 8.500(e)(1). Bahrambeygui filed a Petition for Writ of Habeas Corpus in the Superior Court of California on December 22, 2020, which was denied on February 16, 2021. (ECF 1, at 3, 108-09.) A few weeks later, on March 3, 2021, Bahrambeygui filed the same petition in the California Court of Appeal, which was denied on April 8, 2021. (ECF 1, at 4, 110-15.) On April 19, 2021, he filed that petition in the California Supreme Court (S268310), which is pending. (ECF 1, at 4.)

In this habeas action, petitioner asserts the same four grounds for relief as the pending state petition. (ECF 1, at 6-9.) Bahrambeygui brought his federal case as "a safety petition" because he is "reasonably confused regarding the applicable law" surrounding the federal statute of limitations for bringing habeas petitions. (ECF 1, at 4; ECF 2, at 2.) So, he seeks to preserve his federal claims while the state petition is pending by requesting this Court stay his as-yet unexhausted federal petition until the California Supreme Court rules. (*See generally* ECF 2.)

## DISCUSSION

A state prisoner must exhaust all available state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court adopted a "total exhaustion rule," requiring federal courts to "dismiss habeas petitions containing both unexhausted and exhausted claims." *Id*. at 522. After dismissal, a prisoner could delete unexhausted claims and "resubmit a petition with only exhausted claims," or return to state court "to exhaust the remainder of [his] claims." *Id*. at 520. In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act. The AEDPA imposed a one-year statute of limitations for filing federal petitions, which had dramatic repercussions on the total-exhaustion rule. *See* 28 U.S.C. § 2244(d). Now prisoners "whose mixed petitions were dismissed under *Rose*" risked "being time-barred from bringing their claims again, once exhausted, in federal court." *King v. Ryan*, 564 F.3d 1133, 1138 (9th Cir. 2009). Courts responded to this dilemma by developing a procedure known as a *Rhines* stay.

*Rhines* allows petitioners to stay an entire petition, including both exhausted and unexhausted claims, while they return to state court to exhaust their remedies. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Unlike the claims in *Rhines*, Bahrambeygui's claims are fully *un*exhausted. *See id*. But the Ninth Circuit has held that a *Rhines* stay may be appropriate even for fully unexhausted petitions. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

A district court may grant a *Rhines* stay when (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. Good cause requires more than just a "bald assertion." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). Instead, a good-cause showing "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust]." *Id*.

Bahrambeygui argues that there is good cause for his failure to exhaust the claims because he is confused regarding the applicable law regarding AEDPA statutory time limitations. (ECF 2, at 4.) Specifically, Bahrambeygui states he is reasonably confused on the filing time limitations because two state courts (the Superior Court of Imperial County, California, and the California Court of Appeal for the Fourth Appellate District) previously barred his Habeas Petition as untimely. (ECF 2, at 2.) And reasonable confusion concerning state timeliness rules can constitute good cause. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Respondent agrees that Bahrambeygui's confusion is reasonable. (*See generally* ECF 13.) So, a stay is justified.

## CONCLUSION

The Court recommends that the following order be entered:

1. Petitioner's motion for a *Rhines* stay is **GRANTED**.
2. Within 14 days of the state court's decision resolving his claims, Bahrambeygui must file a motion requesting that the stay be lifted.

Within 14 days of service of this report, the parties must file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving any such objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated:  December 3, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge